PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. GENEROSO
MONTERO, Defendant and Appellant.

No. 2453. Argued April 3, 1925.—Decided May 26, 1925.

1. RAPE—EVIDENCE—CONTRADICTORY EVIDENCE—VERDICT—APPEAL.—The verdict
   of a jury found on contradictory evidence will not be modified on appeal
   unless it is manifestly erroneous.

2. ID.—ID.—CORROBORATION.—Testimony of persons to whom the victim com-
   plained of the outrage committed by the defendant shortly after its com-
   mission is admissible in evidence and sufficient to corroborate her testimony.

District Court of Arecibo, Enrique Lloreda, J.  Judgment convict-
   ing the defendant of rape.  Affirmed.

José R. Aponte and José A. Vargas for the appellant.  José E. Fi-
   gueras, Fiscal, for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The indictment charged that on July 12, 1924, the ap-
pellant in this case had sexual intercourse with María Jo-
sefa Rodríguez, who was not his wife, by force and against
her will.  He was convicted by a jury of the crime of rape
and took the present appeal wherein he alleges as the only
ground for reversal of the judgment of conviction that it
is contrary to the evidence and to law because the commis-
sion of the crime was not proved and the testimony of the
said girl was not corroborated.

[1] The testimony of María Josefa Rodríguez at the
trial accused the appellant of having had sexual intercourse
with her on the night of that day by force and punishment,
and although she had testified previously before the grand
jury that she had voluntarily had such intercourse with the
defendant, she said that this was not true and that she
had so testified at the instigation of a relative of the de-
fendant.  The trial jury had to decide whether, notwith-
standing her previous testimony, they should give credit
to what the girl testified to in their presence.  The jury
decided to accept her last testimony and inasmuch as they
were in a better position than is this court to adjust the
conflict, having heard her testify, we can not hold that they

committed manifest error in so deciding. We are in a similar situation as regards the conflict between the testimony of the girl and that of the defendant, who testified that he had had sexual intercourse with her on several previous occasions, but not on that night, and always with her consent.

[2] The most important question in this case is whether the testimony of the injured girl was corroborated, as required by section 250 of the Code of Criminal Procedure in this class of crimes.

Of course, there was no eye-witness, but a physician testified that upon examining the girl he found bruises on her body and that she had been deflowered, but not recently. Other witnesses testified that the defendant was attending a wake at another house and shortly after he left they heard a scream that seemed to come from the home of the said girl; that a few moments thereafter they went to her home and found her crying and she said to them that the defendant had abused her. The testimony of the physician corroborates that of the victim as regards the blows received by her that night, but the question is whether her testimony was corroborated by other evidence concerning the connection of the defendant with the crime. The only evidence on this point was the testimony of some of the witnesses that she complained to them about the defendant a few minutes after the outrage, and it is sufficient to corroborate her testimony of the commission of the crime by the defendant, as held by this court in *People* v. *Ruiz,* 18 P.R. R. 587. In 22 R.C.L. 1212, par. 47, it is said that although it is a general rule that the evidence of a witness can never be corroborated or confirmed by proof that the witness stated the same facts testified to in court on some occasion when not under oath, yet there is an exception to the rule in cases of rape or assault with intent to commit rape, the courts being unanimous in holding that it may be shown

by the testimony of the prosecuting witness, or that of other witnesses, that the prosecutrix made complaint of the outrage soon after its commission, such evidence being usually admissible only as corroborative of her testimony, and not as independent evidence of the offense charged. See also 33 Cyc. 1463.

Incidentally, the appellant also alleges that the instruction given by the court to the jury on the matter of corroboration of the victim's testimony was not sufficient, but we are of the opinion that it was sufficient.